IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3116-BO

DAVID K. DANSER, )
    Plaintiff, )
)
v. ) O R D E R
)
PATRICIA STANSBERRY, et al., )
    Defendants. )

FILED
JUL 0 8 2010
DENNIS P. IAVARONE, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

Plaintiff filed a civil rights action pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). On January 28, 2010, the motion for summary judgment based on untimeliness was granted. Plaintiff is now before the court with a motion for reconsideration. (D.E. # 43)

The court considers the motion to be one to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59. See Dove v. Codesco, 569 F.2d 807, 809 (4th Cir. 1978). Rule 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). The decision whether to amend or alter a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Courts have recognized three reasons for granting a motion to alter or amend a judgment under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for the availability of new evidence not previously available; or (3) to correct clear error of law or prevent manifest injustice. See, e.g., Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Consequently, "[a] Rule 59(e) motion is not intended to allow for re-argument of the very issues that the court has previously decided," DeLong v. Thompson, 790 F. Supp. 594, 618 (E.D. Va. 1991), aff'd,

985 F.2d 553 (4th Cir. 1993), and is not "intended to give an unhappy litigant one additional chance to sway the judge." Durkin v. Taylor, 444 F. Supp. 879, 889 (E.D. Va. 1977). Therefore, to successfully persuade this court to alter or amend its judgment, Danser must demonstrate a recent change in the law, newly discovered evidence, or a clear error by this court merits such a change.

The motion for summary judgment was granted based on the complaint being filed outside the statute of limitations. In a Bivens action, the state statute of limitations governing personal injury actions applies. See Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999). As previously stated by the court, North Carolina's three-year statute of limitations applies in this instance. See id.; N.C. Gen. Stat. § 1-52(5). To be timely, the court further held Danser had to file this complaint by August 22, 2008. Under the "mailbox rule," a document is deemed filed by a prisoner when it is delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988). In the summary judgment order, the court found the envelope processed at the prison was dated August 28, 2008. (See D.E. # 1, envelope attached). Plaintiff argued he submitted the complaint for mailing on August 15, 2008. See Resp. to Def.'s Mot. to Dismiss or for Summ. J., p. 3. Plaintiff also argued he sent the complaint the first time on August 2007, but that it was returned for failing to name any proper parties. Id., Aff. p. 2. In the order granting summary judgment to defendants, the court held that the alleged 2007 complaint was not docketed with this court and there was no evidence of such. Now before the court, however, is a copy of the letter from the clerk's office which supports plaintiff's contention that he did in fact attempt to file the complaint in August 2007. (See, Letter Ex. 1, filed August 22, 2007 indicating the attempted filing by Danser was rejected because: 1) the filing was not on the prescribed

2

forms, 2) an insufficient number of copies was furnished to the clerk, and 3) defendant information was insufficient) Furthermore, while the complaint was found inadequate in several respects, the Federal Rule of Civil Procedure 5(d)(4) states "[t]he clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice." Thus, the motion to reconsider is ALLOWED (D.E. # 43) and the motion to dismiss or alternatively for summary judgment for filing outside the statute of limitations is DENIED. Having so determined, the case is re-opened and defendants are allowed 30 days to file dispositive motions in the matter.

SO ORDERED, this the __7__ day of July 2010.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3