IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CT-3116-BO

| | |
|---|---|
| DAVID K. DANSER, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    O R D E R |
| | ) |
| PATRICIA STANSBERRY, et al., | ) |
|     Defendants. | ) |

Pursuant to Federal Rule of Civil Procedure 12(b)(6) and alternatively Rule 56, defendants move to dismiss plaintiff's Bivens' complaint (D.E. # 73 and 74). In response, plaintiff moves, pursuant to Fed. R. Civ. P. 56(d),[1] to deny or continue defendants' motion for summary judgment so that the parties can engage in discovery. For the below stated reasons, the motion to dismiss is denied and plaintiff's motion under Rule 56(d) is allowed.

Danser, acting pro se, filed this complaint which was first docketed on September 2, 2008. Danser was unable to conduct discovery (D.E. ## 29, 31, 33, 40). The complaint was initially dismissed as untimely, and Danser's motions to amend the complaint and compel discovery and defendants' motions for protective orders were denied as moot. (D.E. # 41). Next, Danser filed a motion for re-consideration of the dismissal, and illustrated through an exhibit,

---

[1] Effective December 1, 2010, the Supreme Court amended Rule 56, and what is now Rule 56(d) was previously codified as Rule 56(f). See Fed. R. Civ. P. 56, Advisory Comm. Notes, 2010 Amend. ("The standard for granting summary judgment remains unchanged . . . . Subdivision (d) carries forward without substantial change the provisions of former subdivision (f)."); see also Order Amending Fed. R. Civ. P. (U.S. Apr. 28, 2010) ("[T]he foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending."); Merchant v. Prince George's County MD, No. 10-1268, 2011 WL 2451528, at *1 (4th Cir. June 21, 2011) ("Rule 56(d) . . . carries forward without substantial change the provisions of former subsection (f).") (per curiam) (unpublished).

that he had originally attempted to file the complaint within the statute of limitations, but the complaint was rejected without being filed. (D.E. # 43). Given the filing mistake by the clerk, the court granted the motion and re-instated the action. (D.E. #49). The court also appointed North Carolina Prisoner Legal Services to represent plaintiff. (D.E. #59). Danser, through counsel, requested leave to file an amended complaint (D.E. #64), which was granted (D.E. #67) and Lieutenant Bobby Roy and Officer Theron Boyd were added as defendants.

The facts before the court at present are that defendants are employees of the Bureau of Prisons. The suit alleges deliberate indifference for the safety of Danser which resulted in his assault and severe injury by another inmate, Scott Gustin. Danser was incarcerated for convictions of sexual crimes against children, a fact which defendants know make him especially likely to be assaulted by other inmates. (Complaint, D.E. #64-1, ¶7).

On August 22, 2005, Danser was housed in the Special Housing Unit (SHU) at the Federal Correction Institution-Low in Butner, North Carolina. (Id., ¶8). Defendant Roy was the lieutenant in charge of the SHU, and it was his responsibility for maintaining safety and order. (Id., ¶10). Defendant Boyd was the recreation officer in the SHU. (Id., ¶12).

Inmate Scott Gustin was serving a life sentence for murder and was in the SHU for having assaulted another inmate. (Id., ¶11). Defendant Boyd knew Gustin had a history of violence against other inmates, and he was responsible for the supervision of inmates in the recreation cages to prevent inmate violence. (Id., ¶13).

Boyd put Danser in a recreation cage with Gustin and two other inmates. (Id., ¶12). Boyd then left his post at which point Gustin violently assaulted Danser. (Id., ¶¶ 14, 15). The assault ended when another officer saw Danser and summoned Boyd back to his post. (Id., ¶16).

2

Plaintiff sustained serious, life-threatening injuries from Gustin's attack. (Id., ¶17). Gustin was convicted in this court of assault resulting in serious bodily injury for his attack on Danser. (Id., ¶18).

A.  Motion to Dismiss

In analyzing a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted, a court must determine whether the complaint is legally and factually sufficient. See Fed. R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). A court need not accept a complaint's legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. See, e.g., Iqbal, 129 S. Ct. at 1949–50; Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Similarly, a court need not accept as true "unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 129 S. Ct. at 1949–50.

To state a claim under 42 U.S.C. § 1983, Danser must allege: (1) that defendants deprived him of a right secured by the Constitution and laws of the United States; and (2) that defendants deprived him of this constitutional right under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory. Adickes v. S. H. Kress & Co., 398 U.S. 144, 150 (1970); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

3

As stated above, this case arises out of the protections afforded by the Eighth Amendment. To show a violation of the Eighth Amendment, Danser "must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quotation omitted). The first prong requires the court to determine whether the deprivation was objectively sufficiently serious, while the second prong requires the court to determine whether the officials acted with a subjectively sufficiently culpable state of mind. Id. (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). "[D]eliberate indifference entails something more than mere negligence, . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). Thus a prisoner's claim under the Eighth Amendment "need not show that a prison official acted or failed to act believing that harm actually would befall an inmate; it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm." Id at 842.

The court finds the complaint survives a 12(b)(6) motion. First, it is undisputed that Danser's injuries were serious. Likewise, the complaint states defendants knew Danser was at a heightened risk of attack by another inmate because of his convictions for sexual offenses against children. Yet, in the face of this known risk, defendants chose to place him in a recreation cage with an inmate who had previously attacked other inmates. It was also defendant Boyd's specific responsibility it to supervise the cage to prevent inmate violence. After placing Danser into the cage with this known violent inmate, defendant Boyd left his post, which allowed Gustin the opportunity to severely injure Danser.

4

The complaint alleges defendants had knowledge of the substantial risk of harm to Danser which was created by their actions. The complaint's allegations include facts necessary to support a plausible inference that defendants acted with deliberate indifference to a substantial risk of harm, and that Danser suffered serious injury as a result. Thus, the motion is dismiss is denied.

B.   Summary Judgment

"As a general rule, summary judgment is appropriate only after 'adequate time for discovery.'" Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 961 (4th Cir. 1996). Rule 56(d) provides:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). Under Rule 56(d), a court may delay ruling on a motion for summary judgment if the nonmoving party requires discovery to identify "facts essential to justify the party's opposition." Crawford-El v. Britton, 523 U.S. 574, 599 n.20 (1998) (quotation omitted); Nader v. Blair, 549 F.3d 953, 961-62 (4th Cir. 2008); White v. BFI Waste Servs., LLC, 375 F.3d 288, 295 n.2 (4th Cir. 2004). "Rule 56(d) affidavits cannot simply demand discovery for the sake of discovery." Young v. UPS, No. DKC 08-2586, 2011 WL 665321, *20 (D.Md. Feb. 14, 2011). "Rather, to justify a denial of summary judgment on the grounds that additional discovery is necessary, the facts identified in a Rule 56 affidavit must be 'essential to [the] opposition.'" Scott v. Nuvell Fin. Servs., No. JFM-09-3110, 2011 WL 2222307, *4 (D. Md. June 7, 2011). A non-moving party's Rule 56(d) request for discovery is properly denied "where the additional

5

evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." Strag v. Bd. of Trs., Craven Cmty. Coll., 55 F.3d 943, 953 (4th Cir. 1995).

A party requesting relief pursuant to Rule 56(d) must specifically demonstrate that the party has not had sufficient time to develop information it needs to oppose the summary judgment motion. Harrods Ltd. v. Sixty Internet Domain Names, 302 F.3d 214, 244 (4th Cir. 2002). In making its determination, the court may consider the diligence that the non-moving party has demonstrated in pursuing discovery. See White, 375 F.3d at 295 n.2; Harrods Ltd., 302 F.3d at 245; Strag v. Bd. of Trs., 55 F.3d 943, 953-54 (4th Cir. 1995). An award of summary judgment prior to the completion of discovery is "particularly inappropriate when a case involves complex factual questions about intent and motive." Harrods, 302 F.2d at 247; cf. Nader, 549 F.3d at 962 ("the Defendants' motives and intent were not at issue in the motion for summary judgment").

The Fourth Circuit places "great weight on the [Rule 56(d)] affidavit." Evans v. Technologies Applications & Service Co., 80 F.3d 954, 961 (4th Cir. 1996). Here, plaintiff submitted an affidavit stating that discovery is necessary to present facts and that the relevant information is under the control of defendants. Accordingly, the court finds that plaintiff has presented good cause to delay ruling on this issue until after plaintiff has had the opportunity to engage in meaningful discovery. Based upon the foregoing, the court finds that plaintiff is entitled to engage in discovery prior to addressing defendants' summary judgment motion.

For the above stated reasons, defendants' motion to dismiss and alternatively for summary judgment (D.E. # 73) is DENIED. Danser's motion filed pursuant to 56(d) (D.E. # 77)

6

Case 5:08-ct-03116-BO   Document 79   Filed 11/14/11   Page 6 of 7

is ALLOWED. Thus, the court lifts the stay of discovery and finds it appropriate to set parameters for discovery in this action. All discovery shall be commenced or served in time to be completed by February 8, 2012. All motions, including dispositive ones, shall be filed by March 7, 2012.

SO ORDERED, this the _10_ day of November 2011.

*[signature]*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE