UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:08-CT-3116-BO

DAVID DANSER,                    )
                                 )
        Plaintiff,               )
                                 )
    v.                           )  PROTECTIVE ORDER
                                 )
                                 )
PATRICIA STANSBERRY, et al.,     )
                                 )
        Defendants.              )

This matter comes before the court on a joint motion for the issuance of a protective order prohibiting counsels for Plaintiff from disclosing, copying, or otherwise providing Plaintiff with the following, except as otherwise stated herein:

1. Bureau of Prison Incident Report - Form 583.
2. Bureau of Prison memoranda Defendants and BOP staff with first-hand knowledge of the August 22, 2005, assault wrote regarding the assault.
3. Federal Bureau of Investigation 302 interview reports of potential prisoner witnesses during the criminal investigation related to the August 22, 2005, assault.
4. A diagram of the Special Housing Unit ("SHU) Recreation Group #1 cage assignment on August 22, 2005.
5. Pictures of the SHU recreation cage area (5).
6. Picture of an orange shoe in recreation cage.
7. Pictures of Danser's injuries (2).
8. Picture of inmate Gustin's tattoos.
9. Picture of inmate Gustin's knuckles.
10. Bureau of Prisons Post Order in effect on August 22, 2005.

IT IS ORDERED that the above documents will be marked Attorney Eyes Only and Defendants and Plaintiff agree to the release of the above-documents on conditions set-forth herein.

IT IS FURTHER ORDERED that Counsels for Plaintiff shall not

disclose, copy, or otherwise provide Plaintiff with Attorney Eyes Only marked documents or material, except as stated herein.

IT IS FURTHER ORDERED that nothing herein shall prevent counsels for Plaintiff from providing Plaintiff with a verbal summary of Defendants' or witnesses statements or verbal summary of reports of interviews of Defendants or witnesses as reported by federal law enforcement agents or Bureau of Prisons officials. Said verbal summaries shall not include Defendants' or witnesses' personal identifiers including, but are not limited to: social security numbers, dates of birth, telephone numbers, or home address information.

IT IS FURTHER ORDERED that additional Attorney Eyes Only marked documents or material may be disclosed under the terms of this Protective Order without further court order.

IT IS FURTHER ORDERED that nothing herein shall prevent disclosure of Attorney Eyes Only marked documents or material to attorneys actively working on the case, persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys for trial preparation or other proceedings in this case.

IT IS FURTHER ORDERED that nothing herein shall prevent disclosure of Attorney Eyes Only marked documents or material to expert witnesses and consultants retained in connection with this proceeding to the extent such disclosure is necessary for trial

preparation or other proceedings.

IT IS FURTHER ORDERED that nothing herein shall prevent disclosure of Attorney Eyes Only marked documents or material to the court or its employees, including persons who assist in settlement negotiations between the parties to this action.

IT IS FURTHER ORDERED that nothing herein shall prevent disclosure of Attorney Eyes Only marked documents or material to stenographic reporters and videographers who are engaged in proceedings necessarily incident to the conduct of this action.

IT IS FURTHER ORDERED that no reproduction of information disclosed in reliance of this Protective Order is authorize, except as stated herein and to the extent copies are required to prepare for trial or other proceedings. All copies, excerpts, or summaries made, shown, or given to those authorized hereby and according to the provisions of this Protective Order shall be stamped Attorney Eyes Only by counsel. The inadvertent, unintentional, or in camera disclosure of Attorney Eyes Only marked documents or material shall not be deemed a waiver, in whole or in part, of any claims of confidentiality.

IT IS FURTHER ORDERED that whenever a deposition involves the disclosure of Attorney Eyes Only information, the deposition or portions thereof shall be subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may

designate portions of the depositions as Attorney Eyes Only after transcription, provided written notice of the designation is promptly given to all counsel of record within (30) days after notice by the court reporter of the completion of the transcript.

IT IS FURTHER ORDERED that at the conclusion of the trial or other termination of the action, counsels for the Plaintiff will return the provided documents to counsel for Defendants.

IT IS FURTHER ORDERED that termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Attorney Eyes Only marked documents or material pursuant to this Protective Order, even after this action is terminated.

SO ORDERED this 16 day of March, 2012.

TERRENCE W. BOYLE
United States District Judge